**2016 UT App 203**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
NIKOLAOS ANTONIO,
Appellant.

Per Curiam Decision
No. 20151070-CA
Filed September 29, 2016

Third District Court, West Jordan Department
The Honorable Charlene Barlow
No. 141401850

Alexandra S. McCallum and Christine Seaman,
Attorneys for Appellant

Simarjit S. Gill and Craig N. Stanger, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1      Nikolaos Antonio appeals his convictions on three counts of violating a protective order. Specifically, he asserts that the trial court erred in denying his motion for a directed verdict, in which he asserted that the State failed to present sufficient evidence of intent.

¶2      When a motion for a directed verdict is based on an insufficiency of the evidence claim, appellate courts "will uphold the trial court's decision [to deny the motion] if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, [the appellate court] concludes that some evidence exists from which a reasonable jury could find that the elements of the

crime had been proven beyond a reasonable doubt." *State v. Montoya*, 2004 UT 5, ¶ 29, 84 P.3d 1183 (citation and internal quotation marks omitted). The State must produce evidence of each element of the crime charged. *Id.* The evidence must be viewed in the light most favorable to the State. *Id.* If there is any evidence to support each element of the crime charged, "it is the trial court's duty to submit the case to the jury." *Id.* ¶ 33. (citation and internal quotation marks omitted).

¶3     At trial, the State presented evidence that Antonio had been served with the protective order and that he subsequently called Victim three times in one day. Although Antonio concedes there was contact, he asserts that the State failed to present evidence that he knew the protective order was in place, particularly in light of his own testimony that he thought the order was ineffective because he had filed a motion to set it aside. However, evidence was presented that would support the inference that Antonio knew the protective order was in place.

¶4     The conversation in the first phone call indicates that Antonio knew he should not call Victim. Additionally, the investigating officer testified that Antonio had acknowledged that he was aware of the protective order. Viewing the evidence in the light most favorable to the State, the evidence was sufficient to support the element of intent and to permit the case to be submitted to the jury. Accordingly, the trial court did not err in denying Antonio's motion for a directed verdict.

¶5     Although Antonio frames the issue as a challenge to the trial court's denial of his motion, he also seems to argue that the evidence was insufficient to support the jury verdict itself. Even if analyzed as a separate issue, the result is the same. Appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Nielsen*, 2014 UT 10, ¶ 46, 326 P.3d 645. A jury verdict may be reversed only when the evidence "is

sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he or she was convicted." *Id.* (citation and internal quotation marks omitted). Circumstantial evidence can be sufficient to sustain a verdict. *See id.* ¶ 47. Furthermore, where conflicting evidence is presented, appellate courts "assume that the jury believed the evidence that supports the verdict." *State v. Fedorowicz*, 2002 UT 67, ¶ 40, 52 P.3d 1194.

¶6    As noted above, sufficient evidence was presented to permit the jury to find that Antonio knew that the protective order was in place and, thus, that he knowingly or intentionally violated the order. Antonio's testimony to the contrary does not change the outcome because "determinations regarding witness credibility . . . are solely within the jury's province." *State v. White*, 2011 UT App 162, ¶ 8, 258 P.3d 594. Although Antonio argues that he established that he did not know of the order, it is apparent that the jury chose to give other witness testimony greater weight and "believed the evidence that support[ed] the verdict." *See Fedorowicz*, 2002 UT 67, ¶ 40.

¶7    Affirmed.

―――――――